IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01929-PAB-MEH

GUNTHER AGUILAR GLAUB,

    Plaintiff,

v.

WASHINGTON MUTUAL,

    Defendant.

## ORDER TO SHOW CAUSE

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendant's Motion to Dismiss [filed October 4, 2010; docket #11]. On October 7, 2010, the Court instructed Plaintiff to respond to the motion on or before October 28, 2010. (Docket #15.) Plaintiff did not respond, but filed another request for an entry of default. (Docket #20.) The Court denied this request and reminded Plaintiff that his response was due; the Court *sua sponte* extended the time for Plaintiff to respond to November 16, 2010. (Docket #22.) Again, Plaintiff did not respond. Plaintiff appeared for the Scheduling Conference on November 19, 2010. The Court discussed the motion to dismiss with Plaintiff and allowed Plaintiff until November 24, 2010 to respond. On the record, Plaintiff acknowledged his receipt of the motion to dismiss and agreed that what he filed in response would be titled a response to the pending motion to dismiss. (*See* docket #24.) To date, Plaintiff has not responded nor has he requested an extension of time to submit a response.[1]

---

[1] The Court also explained to Plaintiff that if he wants something from the Court, he has to file a motion stating his request, and he has to follow the federal and local rules. The Court gave a copy of the local rules to Plaintiff.

Furthermore, at the November 19, 2010 Scheduling Conference, the Court informed Plaintiff that he had to follow the uniform system of scheduling implemented by this district. Plaintiff had not cooperated with Defendant in submitting a joint proposed scheduling order. The Court told Plaintiff that Defendant's proposed order followed this district's procedure, but his did not. The Court printed an example proposed scheduling order for Plaintiff and instructed him to insert succinct statements of his position in each section; the Court also briefly explained each section. Plaintiff stated he could redraft his proposed scheduling order by Friday, November 26, and provide it to Defendant, who would incorporate Plaintiff's proposal into another proposed scheduling order submitted to the Court. Plaintiff indicated his understanding of these instructions.

Defendant filed an additional proposed scheduling order on November 29, 2010. (Docket #31.) Contemporaneously, Defendant submitted a status report regarding the proposed order, and represented that '[t]he nature of Plaintiff's Proposed Scheduling Order makes it impossible for Defendant to properly insert Plaintiff's information . . . ." (Docket #30 at 1.) The Court reviewed Plaintiff's proposal and agrees. (*See* docket #27.) Plaintiff's proposal does not materially differ from his first submission (*see* docket #25), and Plaintiff did not follow the instructions of the Court as ordered on November 19, 2010.

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. The Court must liberally construe *pro se* filings; however, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Plaintiff failed to follow Court orders by failing to timely respond to the pending motion to dismiss and failing to submit an appropriate proposed scheduling order in cooperation with Defendant.

Accordingly, it is hereby ORDERED that on or before **December 14, 2010**, Plaintiff shall show cause, in writing and filed with the Court, as to why this Court should not recommend dismissal of this lawsuit due to Plaintiff's failure to prosecute this action by his failure to follow Court orders.

Also before the Court is Plaintiff's "Motion for request for help under 63c" [filed November 24, 2010; docket #28]. The motion is referred to this Court for disposition. The Court construes this motion as a request for appointment of counsel. For the reasons stated below, the Court **DENIES** Plaintiff's motion.

The Court does not have the power to appoint an attorney over his or her objection, *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Absent the power to appoint counsel to a case, the Court can only seek volunteer counsel to represent a plaintiff such as this Plaintiff.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated his ability to frame facts and state claims for relief. (*See* docket #1.) The presented legal issues are not overly complex, novel, or difficult to state or

analyze. The bare fact that the Plaintiff proceeds *pro se* does not warrant the need for volunteer counsel. This is more the norm than a special circumstance in this type of case before the court, and therefore, does not provide special circumstances to consider in determining whether to seek volunteer counsel.

Accordingly, the Court **DENIES** Plaintiff's "Motion for request for help under 63c" [filed November 24, 2010; docket #28]. Plaintiff shall show cause, in writing and filed with the Court on or before **December 14, 2010**, as to why this Court should not recommend dismissal of this lawsuit due to Plaintiff's failure to prosecute this action, as stated herein.

Dated this 1st day of December, 2010, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge