IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01929-PAB-MEH

GUNTHER AGUILAR GLAUB,

    Plaintiff,

v.

WASHINGTON MUTUAL,

    Defendant.

---

## RECOMMENDATION FOR DISMISSAL WITHOUT PREJUDICE

---

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to respond to the Court's Order to Show Cause, Plaintiff's failure to respond to Defendant's Motion to Dismiss, and Plaintiff's failure to cooperate in the preparation of a proposed scheduling order. For the reasons stated below, the Court recommends this case be **dismissed without prejudice**, and Defendant's Motion to Dismiss [filed October 4, 2010; docket #11] be **denied as moot**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

**I.     Background**

Plaintiff initiated this Truth in Lending lawsuit on August 13, 2010. (Docket #1.) On October 4, 2010, Defendant responded to Plaintiff's Complaint with a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5) and (6). (Docket #11.) On October 7, 2010, the Court instructed Plaintiff to respond to the motion on or before October 28, 2010. (Docket #15.) Plaintiff did not respond, but filed another request for an entry of default. (Docket #20.) The Court denied this request and reminded Plaintiff that his response was due; the Court *sua sponte* extended the time for Plaintiff to respond to November 16, 2010. (Docket #22.) Again, Plaintiff did not respond. Plaintiff appeared for the Scheduling Conference on November 19, 2010. The Court discussed the motion to dismiss with Plaintiff and allowed Plaintiff until November 24, 2010 to respond. On the record, Plaintiff acknowledged his receipt of the motion to dismiss and agreed that what he filed in response would be titled a response to the pending motion to dismiss.[2] (*See* docket #24.)

Furthermore, at the November 19, 2010 Scheduling Conference, the Court informed Plaintiff that he had to follow the uniform system of scheduling implemented by this district. Plaintiff had not cooperated with Defendant in submitting a joint proposed scheduling order. The Court told Plaintiff that Defendant's proposed order followed this district's procedure, but his did not. The Court printed an example proposed scheduling order for Plaintiff and instructed him to insert succinct statements of his position in each section; the Court also briefly explained each section. Plaintiff stated he could redraft his proposed scheduling order by Friday, November 26, and provide it to Defendant, who would incorporate Plaintiff's proposal into another proposed scheduling order submitted to the Court. Plaintiff indicated his understanding of these instructions.

---

[2]The Court also explained to Plaintiff that if he wants something from the Court, he has to file a motion stating his request, and he has to follow the federal and local rules. The Court gave a copy of the local rules to Plaintiff.

Defendant filed an additional proposed scheduling order on November 29, 2010. (Docket #31.) Contemporaneously, Defendant submitted a status report regarding the proposed order, and represented that '[t]he nature of Plaintiff's Proposed Scheduling Order makes it impossible for Defendant to properly insert Plaintiff's information . . . ." (Docket #30 at 1.) The Court reviewed Plaintiff's proposal and agreed with Defendant's contention. (*See* docket #27.) Plaintiff's proposal does not materially differ from his first submission (*see* docket #25), and Plaintiff did not follow the instructions of the Court as ordered on November 19, 2010.

Plaintiff failed to follow Court orders by failing to timely respond to the pending motion to dismiss and failing to submit an appropriate proposed scheduling order in cooperation with Defendant. Thus, on December 1, 2010, the Court issued an order to show cause as to why the Court should not recommend dismissal of this lawsuit due to Plaintiff's failure to prosecute, returnable on or before December 14, 2010. (Docket #32.) To date, Plaintiff has not responded to the pending motion to dismiss or the Court's order to show cause, nor has he requested an extension of time to submit a response.

**II.    Discussion**

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. The Court must liberally construe *pro se* filings; however, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Plaintiff was ordered to respond to the order to show cause and to Defendant's motion to dismiss, but failed to do so within the required time frame. Moreover, Plaintiff did not comply with Court instruction to cooperate in the preparation of a comprehensible proposed scheduling order.

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id. See also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). *See also Hawkinson v. Montoya*, 283 F. App'x 659, at *2 n.2 (10th Cir. 2008) (unpublished) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)). When evaluating grounds for dismissal of an action, the Court looks to the following *Ehrenhaus* factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

Regarding the first factor, Plaintiff's failure to respond to the motion to dismiss and failure to cooperate in the preparation of a proposed scheduling order adversely affects Defendant's proceeding in this matter by impeding the Court's ability to enter a schedule and to review both parties' pleadings for consideration in reaching a fair and just conclusion of Plaintiff's claims. In satisfaction of the second factor, Plaintiff's non-compliance with the judicial process by failing to comply with the Court's orders flouts the Court's authority, similar to the Tenth Circuit's determination in *Ehrenhaus*. Additionally, Plaintiff's persistent failure to respond to the Court's orders compels the Court's continuous monitoring of this matter and unnecessary issuance of orders, in turn increasing the workload of the Court and therefore interfering with the administration of

justice.

In evaluating the third factor, the Court expressly ordered Plaintiff to cooperate in the preparation of the proposed scheduling order, to respond to Defendant's motion to dismiss, and to respond to the order to show cause. The record of Plaintiff's failure to comply with the Court's orders leads the Court to believe Plaintiff is culpable under these circumstances. Furthermore, the warnings in the Court's December 1, 2010 order to show cause, as well as the discussion on the record on November 19, 2010, gave Plaintiff notice that claims could be dismissed as a result of its failure to prosecute this action, in satisfaction of the fourth factor.

In considering the fifth factor regarding efficacy of lesser sanctions, the Court recommends dismissal without prejudice. Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases. *Ehrenhaus*, 965 F.2d at 920. *See also Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. 2007) (remanding dismissal with prejudice for determination of willfulness); *Cosby v. Meadors*, 351 F.3d 1324, 1334 (10th Cir. 2003) ("We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

Plaintiff has failed to prosecute this case with due diligence by his failure to comply with the Court's instruction to cooperate in the preparation of a proposed scheduling order, his failure to respond to the pending motion to dismiss, and his failure to respond to the Court's order to show cause, or to properly request an extension of time to respond if he was unable to do so in a timely fashion. For these reasons, dismissal without prejudice of this action is warranted.

**III.     Conclusion**

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), the Court hereby **RECOMMENDS** that the District Court **dismiss without prejudice** this case for Plaintiff's failure to prosecute this action and **deny as moot** Defendant's Motion to Dismiss [filed October 4, 2010; docket #11].

Dated this 22nd day of December, 2010, in Denver, Colorado.

BY THE COURT:

*/s/ Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge